Nora Dillon v. Allegheny County Light Company, Appellant.

*Negligence—Electric Light Co.—Uninsulated telephone wire.*

In an action against an electric light company to recover damages for the death of plaintiff's husband, a verdict and judgment for plaintiff will be sustained where the evidence shows that the defendant left a broken, uninsulated telephone wire in such a position as to endanger the lives of persons using the street ; and that plaintiff's husband, on a rainy night, in the proper discharge of his duty as a police officer, while attempting to remove the dangerous nuisance with his mace, was brought in contact with the charged wire, and thus lost his life.

Argued Nov. 4, 1896.  Appeal, No. 150, Oct. Term, 1896, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. Term, 1895, No. 17, on verdict for plaintiff.   Before Sterrett, C. J., Green, Williams, Mitchell, Dean and Fell, JJ.   Affirmed.

Trespass for death of plaintiff's husband.   Before McClung, J.

At the trial it appeared that on September 20, 1894, a policeman, Peter Dillon, plaintiff's husband, was killed at the corner of Ohio and East streets in the city of Allegheny, by coming in contact with a broken uninsulated telephone wire.   The evidence for plaintiff tended to show that the defendant company suffered the uninsulated wire to remain on its poles for many years, and that on the day of the accident the wire broke and fell over a heavily charged wire.   The deceased, in the discharge of his duty, and while attempting to remove the wire, was killed.   The plaintiff's theory was that the deceased while attempting to remove the wire with due care with his mace came in contact

with it with his body, and convulsively grasped the wire as he fell.   He was found after his death grasping the wire in one of his hands.

Defendant's points and answers thereto were as follows:

1. There is not sufficient proof that the injuries sustained by Peter Dillon were caused by the negligence of the defendant, the Allegheny County Light Company, and the verdict must be for the defendant.   *Answer:* Refused. [1]

2. Under the uncontradicted facts it appears that Peter Dillon was guilty of negligence, which contributed to the injuries complained of in this action, and the plaintiff cannot recover. *Answer:* Refused. [2]

3. Under all the evidence plaintiff cannot recover, and the verdict must be for the defendant.   *Answer:* Refused. [3]

Verdict for plaintiff for $5,000.   Defendant appealed.

The court overruled a motion for a new trial in the following opinion.

The jury have found upon sufficient evidence that the defendant permitted a dead and useless wire to remain upon its poles, on a street crowded with charged wires, many of them having such current passing through them that the slightest touch meant death.   It knew, as its own witnesses testify, that any wire upon these poles was liable to break and carry the deadly current to the ground by falling across a live wire, especially if the wire was a naked one, as this wire admittedly was.   This dead, useless and uninsulated wire did break, fell across a charged wire, carried down the current, and the death of the plaintiff's husband was the result.   We certainly cannot disturb the verdict because of the finding of the jury on the question of defendant's negligence.

The only question which we are called upon to consider is that of the alleged contributory negligence of the man who was killed.

He knew that the wire was conducting a dangerous current of electricity.   If he had no duty imposed upon him with respect to it, he had sufficient notice to make it negligence for him to interfere with it.

He was, however, a policeman on duty at the time and upon the street on which the wire fell.   It hung from a pole, the end

resting on the ground near the foot crossing, and at intervals emitting sparks. It was a rainy night, and any contact with the wire meant injury—even the touch of the frame of an umbrella of one passing, to the wire would, doubtless, have caused the instant death of him who carried it. Will the law say to the policeman on duty under such circumstances that his sole or primary duty is to look out for his own safety? If it will not, then this question was one for the jury. It was told that if he voluntarily took the wire in his hand there could be no recovery. The testimony showed that he undertook to remove it with his mace, a method which, under ordinary circumstances, would have been perfectly safe. In some unexplained way he came into more dangerous contact with the wire.

Test the case by changing the position of the parties. Suppose, in pushing aside this wire with his mace, Dillon had brought it in contact with and thus injured some one who was passing by, and had been sued, would any court have the hardihood to say, under the circumstances, as matter of law, that he was guilty of negligence? Doubtless, by standing on the sewer drop, especially on this wet night, he increased his danger. But a negligent company cannot, for the purpose of escaping liability for its acts, set up a duty on the part of policemen to be expert electricians, and we must, in discussing this question, assume the negligence of defendant company.

Look at the matter as we will, we must either say to all policemen that, in such cases, they must put their own safety before that of the citizens whom it is their business to protect, or submit the question of negligence as one of fact, to be determined by the jury.

If there was error committed in the charge in this case it was in favor of defendant. We are by no means certain that the maintaining on a street like this of naked wires, which might be insulated, is not negligence, or at least evidence of negligence.

Even if a wire has no current of its own it will, when broken, if uninsulated, much more readily lead off a dangerous current from another wire. Where the necessary dangers are so great the unnecessary ones should all be eliminated.

The motion for a new trial must be refused.

*Errors assigned* were (1–3) above instructions, quoting them.

*Geo. C. Wilson,* with him *Wm. D. Evans,* for appellant.—If the maintenance by the Allegheny County Light Company upon the poles of a wire not then in use constituted negligence, such negligence was not the proximate cause of the injuries complained of, and the court, under the authority of Behling v. Pipe Lines, 160 Pa. 359; Ry. Co. v. Trich, 117 Pa. 390, should have so declared.

· The question of proximate cause rested upon facts which were not disputed, and was therefore for the court, not the jury: Pass. Ry. Co. v. Trich, 117 Pa. 399; Behling v. Pipe Lines, 160 Pa. 359; R. R. Co. v. Taylor, 104 Pa. 306; Twp. of West Mahanoy v. Watson, 112 Pa. 574.

*F. C. McGirr,* with him *John Marron,* for appellee.—Defendant was guilty of negligence: Western U. Tel. Co. v. Merritt, 5 Am. Electrical Cases, 283; Haynes v. Raleigh Gas Co. 114 N. C. 203; Denver Consolidated Electric Co. v. Simpson, 5 Am. Electrical Cases, 278; Croswell on Electricity, 219; Thomas v. Western Union Telegraph Co., 100 Mass. 156.

Dillon was not guilty of contributory negligence: Floyd v. Phila. & Reading R. R., 162 Pa. 29; Haynes v. Gas Co., 114. N. C. 203; Pierre Bourget v. Cambridge, 156 Mass. 391; Texarkana Gas & Light Co. v. Orr, 59 Ark. 215.

PER CURIAM, January 4, 1897:

The only subjects of complaint in this case are the learned trial judge's refusals to affirm defendant company's three points for charge, in each of which he was substantially requested to direct a verdict in its favor.   There appears to be no exception to his general charge, nor to any of his rulings on questions of evidence, etc.   It is very evident from an examination of the testimony that it presented material questions of fact which the jury alone could legally determine.   The case was accordingly submitted to them in a clear and accurate charge, quite as favorable to the defendant as it could reasonably ask.

The action of the learned judge, in refusing to take the case from the jury and in submitting to them both controlling questions of fact—defendant company's negligence, and the alleged

contributory negligence of the deceased—is so fully vindicated in what he says in his opinion overruling the motion for a new trial, that it is wholly unnecessary to refer, in detail, to the testimony that required the court to submit the case to the jury, and justified them in finding as they did. In view of the instructions under which the jury acted, their verdict necessarily implies a finding that defendant company was guilty of negligence in leaving the broken, uninsulated telephone wire in such a position as to endanger the lives of persons using the street; and that plaintiff's husband, in the proper discharge of his duty as a police officer, while attempting to remove the dangerous nuisance, was brought in contact with the charged wire, and thus without any negligence on his part lost his life. The verdict was clearly warranted by the evidence.

Judgment affirmed.