540 A.2d 951

**Rick L. MULL and Dianne L. Mull, His Wife, Appellants,**

v.

**Abraham F. KERSTETTER.**

Superior Court of Pennsylvania.

Argued Feb. 4, 1988.

Filed April 20, 1988.

Andrew H. Dowling, Harrisburg, for appellee.

Before CAVANAUGH, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Snyder County sustaining the preliminary objections in the nature of a demurrer of the defendant/appellee/Abraham F. Kerstetter and dismissing the complaint of the plaintiffs/appellants/Rick L. and Dianne L. Mull, his wife. We reverse.

In assessing the propriety of the actions of the court below, we must keep the following in mind; namely:

The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. *Buchanan v. Brentwood Federal Savings and Loan Association*, 457 Pa. 135, 320 A.2d 117 (1974); *Borden v. Baldwin*, 444 Pa. 577, 281 A.2d 892 (1971); *Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970). In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970); *Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 259 A.2d 443 (1969); *Papieves v. Lawrence, supra.* If there is any doubt, this

should be resolved in favor of overruling the demurrer. *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970). *Gekas v. Shapp,* 469 Pa. 1, 5–6, 364 A.2d 691, 693 (1976).

In light of the aforementioned, we start our review with an examination of the plaintiffs' complaint. It is alleged therein that, at approximately 12:30 a.m. on the 14th day of May, 1985, Rick L. Mull, a volunteer fireman, responded to a fire alarm called in by the defendant at his premises. Once at the scene, "the Plaintiff was hosing the fire when he stepped into an open window well, which was unguarded, unmarked and unprotected causing serious bodily injuries to the Plaintiff." (Paragraph 7)

Further, the plaintiff avers that, as a business invitee on the defendant's premises, he was owed "a higher degree of care than the social invitee or trespasser." (Paragraph 11) Thus, it is the plaintiff's contention that the defendant's failure to illuminate the yard, to warn about the holes or to keep the plaintiff from "falling into the dangerous pit or well" imputed negligence to the defendant and held him accountable for the injuries sustained and the damages incurred now and in the future for allowing a dangerous condition to subsist on his premises and taking no steps to remedy the hazard. (Paragraph 10) In particular, the plaintiff seeks recovery for the loss of his present and future income because of his inability to use the fingers on his right hand. He asks also for damages stemming from his pain and suffering and reimbursement for his medical treatment.

In count II of the complaint, the plaintiff/wife seeks compensation for the loss of consortium, companionship and society with her plaintiff/husband.

In response thereto, the defendant filed preliminary objections in the nature of a demurrer restricted to the sole contention that the complaint failed to state a cause of action upon which relief could be granted, and, thus, called for its dismissal. A brief was also filed in support of the preliminary objections and discounted the plaintiff's ability to recover for his injuries under what is commonly known

as the "Fireman's Rule", which bars suit for an act of ordinary negligence that creates the occasion for the presence of a firefighter or a police officer at the place where he is injured. See *Berko v. Freda*, 93 N.J. 81, 459 A.2d 663 (1983). The "Fireman's Rule" is accepted by some jurisdictions but not yet in Pennsylvania, so stated the defendant.

The plaintiff filed a reply brief in opposition to the defendant's preliminary objections. With the position of both parties squarely stated, the court entered a ruling in favor of the defendant and against the plaintiff on the basis of the "Fireman's Rule", a rule which it found to exist in this jurisdiction. See Lower Court's Opinion at page 4, citing *Ruhl v. Philadelphia*, 346 Pa. 214, 29 A.2d 784 (1943) for such a proposition. A timely appeal was filed with this Court.

The central issue to be decided by this Court, which is one of first impression, relates to whether the "Fireman's Rule" is law in this jurisdiction, and, if so, whether it precludes the plaintiff/volunteer fireman from recovering for injuries sustained on the defendant's property while extinguishing a fire.

The court below is of the mind that the "Fireman's Rule" has been adopted in this jurisdiction and does so on the basis of *Ruhl v. Philadelphia*, supra. On the other hand, it has been noted by two District Courts that the Pennsylvania Supreme Court has yet to consider whether to adopt the "Fireman's Rule".[1] See *Price v. Tempo, Inc.*, 603 F.Supp. 1359, 1365 (E.D.Pa.1985) and *Herman v. Welland Chemical, Ltd.*, 580 F.Supp. 823, 831 (M.D.Pa.1984). To the same effect see Concurring and Dissenting Opinion of Justice Roberts in *Kinney v. Sun Oil Co.*, 437 Pa. 80, 89 n. 3, 262 A.2d 128, 131 n. 3 (1970).

■ Our examination of the case law on the subject at hand, albeit sparse, leads us to conclude that the Pennsylva-

---

1. To the extent that a Common Pleas Court has implied otherwise (see *Suttie v. Sun Oil Co.*, 15 Pa.D & C 3 (Philadelphia County 1931)), the ruling is not binding on Superior Court. See *Turner v. May Corp.*, 285 Pa.Super. 241, 252 n. 7, 427 A.2d 203, 208 n. 7 (1981).

nia Supreme Court is not predisposed to adopt the "Fireman's Rule", regardless of whether it be the version that firemen assume the risk of any and all injuries that may befall them while they are on duty or that the rule extends only to negligence which brings firemen to the scene. See *Herman v. Welland Chemical, Ltd.,* supra. We do so on the strength of the still viable 1943 decision of our Supreme Court in *Ruhl v. Philadelphia,* supra,[2] which the court below has misinterpreted in support of its contrary position.

It appears from the opinion written in *Ruhl v. Philadelphia,* supra, that the decedent, a fireman, was directed by his superior to stand on the opposite side of the street from where the fire was located and to remain there until further notice. This location was considered to be "perfectly safe" by his superior because the fire was across the street. However, fifteen minutes after an explosion on the street opposite to where the decedent stood occurred, a second explosion took place within the premises situated behind the decedent and caused his death.

In the course of affirming the judgment and concluding that the decedent/appellee was not guilty of contributory negligence nor did he assume the risk of injury by his status as a fireman, the Supreme Court stated:

As above stated, Ruhl was when he was killed in the place he was ordered to go and which was considered by his superior officer, as safe. On this phase of the case the court below aptly says: "It is what a fireman is doing at the time he is hurt that matters, not the mere fact that he is a fireman. In *Drake v. Fenton,* 237 Pa. 8, 85 A. 14, a fireman on duty inside a burning building was allowed to recover because he fell down an elevator shaft that was unguarded contrary to law. See also *Fry v. Brubaker,* 1921, 77 Pa.Super. 438 and *Dillon v. [Allegheny County] Light Co.,* 179 Pa. 482, 36 A. 164. It is one thing to say that a fireman who has gone into a danger

2. As we have stated in *Mohn v. Hahnemann Medical College and Hosp.,* 357 Pa.Super. 173, 176, 515 A.2d 920, 922 (1986), the passage of time does not debilitate the vitality of a court ruling. Thus, we do not hesitate to look to *Ruhl v. Philadelphia,* supra, in making our decision.

zone must take what he gets, and quite another to say that a person who stops short of the danger zone cannot recover because he is a fireman."

4 Thompson on Negligence, sec. 4618, lays down this principle, which is abundantly sustained by the authorities: "The servant does not accept the risk of dangers proceeding from the special or unforeseen negligence of the master, or of those for whose conduct the master is responsible, or of the negligences of the master which are unknown to him, such dangers not being ordinarily incident to the business." See also 39 C.J. sec. 882, p. 684. It clearly cannot be said as a matter of law that the decedent as a fire patrolman assumed the risk of being killed in a gas explosion which resulted from the fire he officially attended. Such a risk was not ordinarily incident to the discharge of his duties nor did he have any actual or constructive knowledge of it with full appreciation of the special dangers confronting him. There is no proof that Ruhl smelled gas before the second explosion or that he had any reason to apprehend a second explosion of gas. There is proof that some of his fellow patrolmen smelled no gas. Ruhl had been at the scene less than ten minutes. He went there to perform his duty. It was for the jury to say whether Ruhl showed want of care under the circumstances.

346 Pa. at 220–21, 29 A.2d at 787.

Instantly, the plaintiffs claim that the defendant was negligent in maintaining a hazardous condition on his premises in the form of "window wells", approximately three to four feet in depth, the detection of which was impaired, purportedly, by the lateness of the hour and the absence of illumination as to their location. Accordingly, as we read the complaint, the "breach of duty here asserted does not concern itself with the manner in which the fire was started. Rather, it involves the duty owed to any licensee who enters the premises—it is a duty to warn of dangerous

hidden conditions." [3]   See Concurring and Dissenting Opinion of Justice Roberts in *Kinney v. Sun Oil Co.,* supra, 437 Pa. at 89, 262 A.2d at 132 (footnote omitted).

■   In other words, reference to the "Fireman's Rule" was inappropriate to the disposition of the defendant's preliminary objections.   Instead, given *Ruhl's* preoccupation with the complainant's conduct ("what was he doing at the time he was hurt"), as opposed to his appellation ("fireman"), the court below should have determined the sufficiency of the complaint under a negligence standard, i.e., was there an allegation of a duty owed the plaintiff by the defendant (either statutory or common law)?, was there a breach of the duty asserted?, and did the plaintiff sustain any injuries as a proximate cause of the breach of the duty owed by the defendant?   Id.; see also Prosser on Torts, § 30 (4th Ed.1971).

■   In light of the error of law committed by the court below, i.e., relying on the "Fireman's Rule" to sustain the defendant's preliminary objections on a per se rule that firemen assume the risk of their on-duty injuries as a matter of law, it must be rejected.   See *Ruhl v. Philadelphia,* supra; *Herman v. Welland Chemical, Ltd.,* supra. As a result, we deem it prudent to reverse the order appealed and remand to afford the court below the opportunity to assess the sufficiency of the complaint under general principles of negligence law.   This is proper since the plaintiffs' complaint does not indicate on its face, given our ruling this day, that their claim cannot be sustained, nor that the law will not permit them recovery.   See *Gekas v. Shapp,* supra; *Herman v. Welland Chemical, Ltd.,* supra;

3.   We note that the jurisdictions are split as to whether the complainant is to be labelled an invitee or a licensee in the context of a fireman being injured on the job and seeking the recoupment of damages to compensate him for the injuries incurred.   See 11 ALR 4th 597; Concurring and Dissenting Opinion of Justice Roberts in *Kinney v. Sun Oil Co.,* 437 Pa. 80, 89–90 n. 4, 262 A.2d 128, 132 n. 4 (1970).   We have been presented with no persuasive argument to treat the plaintiff herein as anyone other than a licensee in assessing his claim.

cf. *Bennett v. Kurland,* 21 Pa.D. & C.2d 587, 589–90 (Luzerne County 1959).

We caution that if a determination is made that the complaint is not deficient in the law of pleading in alleging a cause of action premised upon negligence, it will be for the jury/fact-finder to decide ultimately whether the plaintiff showed a want of due care under the circumstances to recover damages. See *Ruhl v. Philadelphia,* supra; Concurring and Dissenting Opinion of Justice Roberts in *Kinney v. Sun Oil Co.,* supra; see also *Hild v. Montgomery,* 342 Pa. 42, 20 A.2d 228 (1941); *Bennett v. Kurland,* supra.

Order reversed and case remanded for proceedings not inconsistent with the opinion herein written. Jurisdiction is not retained.