## Cullen v. Vagnoni

*Drew D'Angelo,* for plaintiffs.
*Christopher J. Pakuris,* for defendant Louis Vagnoni.

LEHRER, *J.,* March 30, 1990 — Plaintiffs Mary and Herbert Cullen appeal this court's order of December 30, 1989 which granted defendant Louis Vagnoni's motion for summary judgment.

Plaintiff Mary A. Cullen brought this action to

recover for injuries allegedly sustained in a slip-and-fall accident on defendant Vagnoni's premises on February 14, 1983. On that day, plaintiff in her capacity as a Philadelphia police officer responded to a call for a burglary in progress on defendant's property, a then-closed restaurant and swim club located at 468 Domino Lane, Philadelphia, Pa. 19128, when she slipped on accumulated ice and snow. About 22 inches of snow had fallen on February 11 and 13, 1983.

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b).

Case law dealing with the liability of land owners towards police officers or firefighters entering the land in discharge of their duties is scarce. The Superior Court has, however, indicated that such officials generally assume the status of a licensee. See *Mull v. Kerstetter*, 373 Pa. Super. 228, 232, 540 A.2d 951, 953 (1988) appeal denied, *Kerstetter v. Mull*, 520 Pa. 606, 553 A.2d 968 (1988).

The Superior Court noted that, "The possessor of a premises is not generally liable to a gratuitous licensee, in the absence of willful or wanton injury for an accident due merely to the existing conditions upon the premises . . . " *Komeo v. Balazick*, 169 Pa. Super. 296, 82 A.2d 706 (1951). Similarly, the pertinent section of the Restatement (Second) of Torts, section 342 provides:

"Title D. Special liability of possessors of land to licensees.

"§342. *Dangerous conditions known to possessor*

— "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if and only if,

"(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger.

"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c) the *licensees do not know* or have reason to know *of the condition and the risk involved*." (emphasis supplied)

As section L of the comments notes: "If the licensee is in fact fully aware of the condition and the risk, there is no liability."

In her depositions, plaintiff admitted that she was aware of the 22 inches of snow, the icy surface below the snow as well as an incline on the property. At the same time, plaintiff fully appreciated the special dangers inherent in these conditions stating that she knew it was slippery, was careful and took slow steps.

Plaintiff avers that there remain material issues of fact which could render her an invitee instead of a licensee. However, even if plaintiff were an invitee, there would remain no basis for liability on defendant Vagnoni's part.

Section 343A of the Restatement (Second) of Torts provides in pertinent part:

*"Known or Obvious Dangers* —

" . . . A possessor of land is *not liable* to his invitees for physical harm caused to them by any activity or condition on the land *whose danger is known or obvious to them,* unless the possessor should anticipate the harm despite such knowledge or obviousness." (emphasis supplied)