718 A.2d 755

**Nicholas ROSSINO, Jr. and Barbara Rossino, h/w Appellants,**

**v.**

**Bela KOVACS and Martha C. Kovacs, Appellees,**

**v.**

**R.C. TITTER CONSTRUCTION, INC. and Raymond Titter, Individually, Appellees.**

**Nicholas ROSSINO, Jr. and Barbara Rossino, h/w Appellants,**

**v.**

**R.C. TITTER CONSTRUCTION, INC., Appellees,**

**v.**

**Bela KOVACS and Martha C. Kovacs and Main Line Paving Company, Inc., Appellees.**

Supreme Court of Pennsylvania.

Argued April 29, 1998.

Decided Sept. 30, 1998.

Alfred V. Altopiedi, Donna A. Casanto, for Nicholas Rossino, Jr.

John R. Riddell, Newton Square, for Bela & Martha C. Kovacs.

Audrey J. Copeland, Thomas J. Murphy, Jr., Philadelphia, for Main Line Paving Co., Inc.

William J. Mundy, Philadelphia, for R.C. Titter Const. Co.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

The issue in this case is whether a possessor of land should be liable for injuries sustained by a police officer when the officer enters the land with no notice to the possessor in order to perform a police function not related to the land on which the injury occurred.

On August 25, 1992 Nicholas Rossino was a police officer employed by Haverford Township, Pennsylvania. At about 10:30 p.m. on August 25, 1992 he was part of a team engaged in serving a warrant on a suspected drug house at 711 Haverford Road. The assignment of Rossino's team was to secure the rear of the building while other officers went in the front. In order to accomplish this task, he and others crossed the vacant lot at 705 Haverford Road. While crossing this lot, Rossino alleges that he tripped on old chicken wire fencing that was obscured by weeds, and struck his knees on concrete blocks, seriously injuring himself.

It is undisputed that although the raid on the suspected drug house was planned in advance, no one representing the police department contacted the owners or possessors of the property at 705 Haverford Road to request permission to enter the property.

711 Haverford Road, the target of the police raid, is adjacent to 705 and 701 Haverford Road. At the time of the accident, Bela and Martha Kovacs owned the properties at 705 and 701 Haverford Road. Titter Construction Co. had entered into an agreement with the Kovacs to demolish the building located at 705 Haverford Road and to construct a

parking lot in its place. When Rossino was injured, Titter's subcontractor Main Line Paving Company, Inc. had demolished the building at 705 Haverford Road and had filled in the basement. Permits had been issued for additional construction work. At the time of the accident, the properties at 701 and 705 Haverford Road were unsecured and unmarked construction sites.

In February of 1994 the Rossinos filed a complaint seeking recovery for personal injuries sustained by Officer Rossino during the drug raid. The Kovaks and Titter Construction filed motions for summary judgment. Their theory was that Rossino was a trespasser and that the appellees had breached no duty which was owing to a trespasser, viz., to refrain from wanton and willful conduct. Rossino contended that he was a licensee and not a trespasser and that the appellees, therefore, had a higher duty of care than that applicable to a trespasser. The trial court granted the appellees' motion for summary judgment on the grounds that Rossino was in fact a trespasser and that the appellees had not breached any duty toward him.

On appeal, the Superior Court affirmed. The court determined that Rossino was on the Kovaks' property in order to aid the execution of a search warrant, that he had not obtained the Kovaks' permission to be there, and he was not on the property at the request of the Kovaks or to aid anyone on their property. On these facts, the Superior Court held that Rossino was a trespasser at the time of his injury and that no appellee had violated any duty owed a trespasser. The motion for summary judgment was, therefore, in the view of the Superior Court, properly granted.

We granted allocatur.

The gravamen of Rossino's claim is that because he was a police officer, his status, pursuant to a privilege, should be that of licensee. Rossino concedes that if he was a trespasser at the time of his injury, the duty of the landowner or possessor was merely to refrain from willful or wanton misconduct resulting in injury. He asserts, however, that as a licensee, the duty of the landowner or possessor was to warn

him of dangerous hidden conditions on the land that he knew or should have known existed. As Rossino puts it:

> Why shouldn't property owners always have a reasonable expectation that police or firefighters may enter onto their property to protect their interests or that of an adjacent property? Why shouldn't property owners warn of danger-ous conditions on their property when they expect protec-tion from our public servants.

Brief at 8.

■ In Pennsylvania, a trespasser may recover for injuries sustained on land only if the possessor of land was guilty of wanton or willful negligence or misconduct. *Engel v. Park-way Company,* 439 Pa. 559, 266 A.2d 685 (Pa.1970). The Restatement of Torts (Second) defines a trespasser as "a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." § 329 (1965).

■ A licensee, on the other hand is "a person who is privileged to enter or remain on land only by virtue of the possessor's consent." Restatement of Torts (Second) § 330 (1965). Accord, *Cutler v. Peck Lumber Mfg. Co.,* 350 Pa. 8, 37 A.2d 739, 740 (Pa.1944), citing the Restatement of Torts, § 340. As stated in *Cutler,*

> A possessor of land is not subject to liability to his licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein.

37 A.2d at 740, citing Restatement of Torts § 340. The current Restatement revises this statement of liability slightly:

### § 342. Dangerous conditions Known to Possessor

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreason-

able risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b)  he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c)  the licensees do not know or have reason to know of the condition and the risk involved.

Restatement of Torts (Second) § 342.

Rossino's complaint alleges that the appellees acted negligently.  There is no allegation that the appellees acted willfully or wantonly.  Therefore, if the lower courts were correct in ruling that Rossino was a trespasser on the Kovaks' land, the motion for summary judgment was properly sustained, for the complaint fails to make allegations which, if true, would justify liability against the appellees and in favor of a trespasser.

The real question in the case is whether Rossino was a trespasser or a licensee at the time of the accident.  Comment a to Section 329 (Trespasser defined) states:

a.  One may be privileged to enter land in the possession of another without the possessor's consent for the purpose of advancing or protecting his own private interests or those of the public, as when he enters to take possession of his boat wrecked upon the possessor's foreshore or enters in pursuit of a felon.  As to the possessor's duty toward persons entering in the exercise of such privileges, see § 345.

Section 345 then sets out the liability of possessors of land to those entering pursuant to a privilege:

... the liability of a possessor of land to one who enters the land only in the exercise of a privilege, for either a public or a private purpose, and irrespective of the possessor's consent, is the same as the liability to a licensee.

However, comment (d) states:

In order for the possessor to be liable under the rule stated in this Section for failure to warn a person who enters under a privilege ... the possessor must know or have reason to anticipate that the visitor is upon the land or will enter in

the exercise of his privilege, and that he will be endangered by the condition.

Restatement of Torts (Second) § 345, Comment (d).

Although this court has never adopted Section 345, and we decline to do so now, we agree with the principle that in order for a possessor of land to be liable to a trespasser entering pursuant to a privilege, the possessor must know or have reason to anticipate that the trespasser is or may be on the land in the exercise of his privilege and that he will be endangered by the state of the land. Thus, Rossino does not qualify as a licensee under any rationale, for the possessors had no knowledge or reason to know that the police were on their land.

It remains only to consider whether, the Restatement of Torts notwithstanding, Rossino should, on the facts of this case, be granted the status of a licensee. We think not. If the appellees in this case were liable, every possessor of land in the Commonwealth, no matter how remote the location, would face civil liability every time police or firemen entered his land if he knew or had reason to know of a dangerous condition on his land, expected that a police officer would not discover or realize the danger, and he did not take steps to make the condition safe or warn of the condition.[1] To guard against this liability, the landowner would have to scour his property, however large or wild, for conditions of any sort which might go undetected by a person unfamiliar with the land and either correct these conditions or warn against them. We regard such a result as absurd and the implications for landowners unacceptable.

The order of the Superior Court is affirmed.

CASTILLE, J., files a dissenting opinion in which
NEWMAN, J., joins.

1. See Restatement of Torts (Second) § 342 (Special Liability of Possessors of Land to Licensees: Dangerous Conditions Known to Possessor), supra.

CASTILLE, Justice, dissenting.

I respectfully dissent from the majority opinion because I believe that it was error for the majority to characterize an officer performing his lawful duties as a trespasser for tort liability purposes. Police officers routinely enter upon private property while performing their official duties of protecting the public. Thus, they are entitled to a higher degree of care than that owed to an ordinary trespasser.

I believe that this Court should adopt section 345 of the Second Restatement of Torts which protects police officers in the performance of their duties without subjecting landowners to an unreasonable standard of care. Section 345 provides:

§ 345 PERSONS ENTERING IN THE EXERCISE OF PRIVILEGE

(1) Except as stated in Subsection (2), the liability of a possessor of land to one who enters the land only in the exercise of a privilege, for either a public or a private purpose, and irrespective of the possessor's consent, is the same as the liability to a licensee.

(2) The liability of a possessor of land to a public officer or employee who enters the land in the performance of his public duty, and suffers harm because of a condition of a part of the land held open to the public, is the same as the liability to an invitee.

The effect of the rule is "to subject the possessor of land to a liability toward such privileged persons which is identical with that to which he is subject under the rules stated in §§ 341 and 342 to licensees." *Id.*, Comment (b). Firemen and policemen entering under authority of law, without any elements of business dealing, are commonly held to stand on the same footing as licensees. *Id.*, Comment (C).[1]

---

1. A possessor of land is subject to liability for physical harm caused to a licensee by a condition on the land if (1) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to the licensee and should expect that the licensee will not discover or realize the danger; and (2) the possessor fails to exercise reasonable care to make the condition safe, or to warn the licensee of the condition and the risk involved; and (3) the licensee

The adoption of section 345 would protect officers while providing prudent limits to a landowner's duty. First, the rule stated in subsection (1) [2] applies only where there is entry pursuant to a privilege to enter.[3] Second, the subsection does not impose an unreasonable duty of care on landowners, requiring them only to warn the visitor of dangerous conditions on the land of which the landowner is aware or should be aware and which the visitor may be expected not to discover or appreciate. "One explanation for this lies in the fact that firemen and policemen are likely to enter at unforeseeable times, upon unusual parts of the premises, and under circumstances of emergency, where care and preparation for their visit cannot reasonably be expected." Restatement (Second) of Torts, § 345, Comment (c). Finally, under Comment (d), in order for the possessor to be liable for failure to warn a person who enters under a privilege arising without the landowner's consent, the possessor must know or have reason to anticipate that the visitor is upon the land, or will enter it in the exercise of his privilege, and that he will be endangered by a condition on the land. *Id.*, Comment (d). Thus, section 345 provides heightened protections for law enforcement officers and firemen without subjecting landowners to liability for unforeseeable events.

Here, it is not disputed that the officer was a uniformed officer employed by the Haverford Township Police Department when he crossed the lot in question at 705 Haverford Road in order to secure the rear of the property located at 711 Haverford Road. The officer was acting as part of a team of uniformed and undercover officers serving a search warrant for drugs on the occupants of 711 Haverford Road. It is also

did not know or have reason to know of the condition and the risk involved. Restatement (Second) of Torts § 342.

2. Here, the liability of the landowner would be evaluated under section 345(1) because the officer was not injured on land open to the public, and thus, subsection (2), which requires a higher duty of care in instances when the land is open to the public, is not applicable.

3. The Comments to the rule provide that one may be privileged to enter land in the possession of another without the possessor's consent for the purpose of advancing or protecting his own interests or those of the public. Restatement (Second)of Torts § 345, Comment (a).

undisputed that the officer was injured while crossing the lot in question after tripping over old chicken wire fencing obscured by weeds and brush, causing him to fall knees first onto an exposed concrete block. Pursuant to section 345, Officer Rossino should be granted licensee status because he was performing his lawful duties at the time of the injury.[4] The issue of whether the appellees breached their duty to the officer is a fact question that should have been resolved by the jury. See *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120 (1983) (whether danger was known or obvious to possessor of land rendering possessor liable to invitee is a fact question for the jury unless reasonable minds could not differ.) Accordingly, it was error for the trial court to grant summary judgment in favor of appellees.

NEWMAN, J., joins this dissenting opinion.

---

4. The trial court in the instant matter reasoned that a defendant property owner would owe the plaintiff officer or fireman a heightened duty only if the plaintiff entered the property in response to the defendant's call for assistance. However, section 345 contains no requirement that a police officer must be entering the property subject to the police activity on that property in order to be granted licensee status. Rather, section 345 requires only that the officer be acting "in the exercise of a privilege, for either a public or private purpose, and irrespective of the possessor's consent." Restatement (Second) of Torts § 345(1).