**Breen v. Eagle Valley Homes Inc.**

C.P. of Monroe County, no. 7731 Civil 1998.

*Barry J. Cohen,* for plaintiffs.
*John W. Ashley,* for defendant Sobczak.
*Paul G. Lees,* for defendant Eagle Valley Homes.

MILLER, *J.,* January 15, 2002—At approximately 6:30 p.m. on December 2, 1996, Kevin Breen, a volunteer firefighter with the West End Fire Company, responded to a call from the Monroe County Control Center to extinguish an "unsupervised controlled burn"[1] located on property owned by defendant Henry Sobczak at 166 Rocky Mountain Drive South, Chestnut Hill Township, Monroe County, Pennsylvania. Defendant Eagle Valley Homes, Inc. was constructing a single family home for defendant Sobczak at the site. Upon Breen's arrival at the premises, he walked in front of the partially constructed home and across a plank which covered a large open hole located directly in front of the main entrance of the home. He observed an excavation pit filled with

---

1. An "unsupervised controlled burn" is a fire presumably set intentionally to burn materials in a controlled environment.

construction debris which was burning and smoldering without anyone's supervision or control. Then, Breen walked diagonally across the front of the premises rather than back over the plank, since another firefighter slipped and fell on the plank's muddy surface. He was going to direct the driver of the fire truck to move the truck to a better response location. Shortly thereafter, Breen fell into an unmarked trench approximately six feet deep by two and one-half feet wide suffering serious injuries.

On November 25, 1998, Kevin Breen and his wife, Jennifer Breen, filed a complaint against Eagle Valley Homes and Henry Sobczak alleging negligence for failing to warn or to set barricades around the unmarked trench, to provide lighting around the construction site knowing that the excavation trench was present, and for creating and abandoning the "unsupervised controlled burn" thereby requiring the appearance of fire personnel from the West End Fire Company.

Defendant Eagle Valley Homes moved for summary judgment on October 4, 2001, asserting that the record contains insufficient evidence of facts necessary to make out a prima facie cause of action for negligence against them, entitling them to judgment as a matter of law. Following review of the briefs and memoranda of law submitted by the parties and oral argument, we are ready to dispose of this motion.

A motion for summary judgment may be granted if, after completion of discovery relevant to the motion, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense that, in a jury trial, would require issues to be submitted to jury. Pa.R.C.P. 1035.2 (2001).

The function of the summary judgment proceedings is to avoid an unnecessary trial but it is not, and cannot be, used to provide for trial by affidavits or trial by depositions. In considering a motion for summary judgment, we must examine the whole record, including the pleadings, any depositions, any answers to interrogatories, admissions of record, if any, and any affidavits filed by the parties. Pa.R.C.P. 1035 (2001). Following a thorough examination of the record, we must determine the question of whether there is a genuine issue as to any material fact. On this critical question, the party who brought the motion has the burden of proving that no genuine issue of fact exists. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996). All doubts as to the existence of a genuine issue of a material fact are to be resolved against the granting of summary judgment. *Id.*

In determining the existence or nonexistence of a genuine issue of a material fact, we are bound by the rule of *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932), which holds that a court may not summarily enter a judgment where the evidence depends upon oral testimony. Despite how clear and indisputable the proof may be, when it depends on oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts. *Id.*

Here, defendant sets forth three arguments in support of its motion for summary judgment. First, defendant argues that a volunteer firefighter cannot pursue a claim against it based upon an allegation of negligence in creat-

ing a fire which required the attendance of the fire company. Next, defendant asserts that plaintiffs failed to put forth evidence establishing its duty to warn, to set barricades around the excavation pit or to provide lighting around the construction site. Specifically, defendant maintains that the excavation pits were both open and obvious, thus eliminating any duty to warn plaintiff of their existence. Lastly, defendant claims that plaintiff assumed the risk of injury since he knew that the fire was located on a construction site at night and chose not to employ readily available means of illumination such as a flashlight.

We are guided on the first issue in this case by our Superior Court's decision in *Mull v. Kerstetter,* 373 Pa. Super. 228, 540 A.2d 951 (1988). In *Mull,* the plaintiff, a volunteer firefighter, responded to a fire located on the defendant's premises. Upon his arrival at the scene, plaintiff began hosing the fire when he stepped into an open window well, which was unguarded, unmarked and unprotected. As a result of this fall, the plaintiff sustained serious bodily injuries. The plaintiff brought a negligence suit against the defendant for his failure to illuminate the property, to warn about the holes or to keep the plaintiff from falling into the dangerous pit or well. The issue before our Superior Court was whether the "fireman's rule" is law in Pennsylvania, and, if so, whether it precludes a volunteer firefighter from recovering for injuries sustained on the defendant's property while extinguishing a fire. The "fireman's rule" bars lawsuits for acts of ordinary negligence which create the occasion for the presence of a firefighter or a police officer at the place where he is injured. See *Berko v. Freda,* 93 N.J. 81, 459 A.2d 663 (1983). The rule is based solely on the

status of a firefighter or police officer as a licensee, requiring the duty owed by a landowner or occupier of land to refrain from wantonly or willfully injuring him. Ultimately, the *Mull* court concluded that the "fireman's rule" is not applicable in Pennsylvania regardless of whether firefighters assume the risk of injuries that may befall them while on duty or whether the rule extends only to negligence which brings a firefighter to the scene. Instead, the court held the appropriate analysis is one of ordinary negligence. *Id.* at 234, 540 A.2d at 954. The Superior Court reached this decision after considering our Pennsylvania Supreme Court's decision in *Ruhl v. Philadelphia,* 346 Pa. 214, 29 A.2d 784 (1943), where the court refused to conclusively base a land possessor's duty of care on the status of the injured party.

In *Ruhl,* the decedent, a firefighter, was directed by his superior to stand on the opposite side of the street from where a fire was located and to remain there until further instruction. The location was considered to be safe. However, an explosion occurred in the premises situated behind the decedent causing his death. In concluding that the decedent was not guilty of contributory negligence and did not assume the risk of injury by his status as a firefighter, our Supreme Court held that "[i]t is what a firefighter is doing at the time he is hurt that matters," not his mere status as a firefighter. *Id.* at 220, 29 A.2d at 786-87.

Thus, following the rule in *Mull* and *Ruhl,* we find that the plaintiffs are not barred from bringing a negligence suit against the defendant. As delineated above, the "fireman's rule" does not preclude a volunteer firefighter from recovering for injuries sustained on prop-

erty owned or occupied by another while extinguishing a fire.

To recover under a claim of negligence, the plaintiffs must prove that the defendant had a duty of care, the defendant breached that duty, the breach resulted in injury, and as a result they suffered an actual loss or damage. *Martin v. Evans,* 551 Pa. 496, 711 A.2d 458 (1998). Whether a duty exists under a particular set of facts is a question of law. A duty arises only when one engages in conduct which foreseeably creates an unreasonable risk of harm to others. When considering the question of duty, it is necessary to determine whether the defendant is under any obligation to the particular plaintiff. *Id.* Unless there is a duty upon the defendant to the plaintiff that has been breached, there can be no cause of action based upon negligence. Defendant's second argument is that they did not owe a duty to plaintiff.

The duty of care an owner or occupier of land owes to one who enters upon the land depends upon whether the latter is a trespasser, licensee or invitee. *Palange v. Philadelphia Law Dept.,* 433 Pa. Super. 373, 640 A.2d 1305 (1994). These are not self-defining terms, and in applying them we are guided by the definitions in the Restatement (Second) of Torts §§328-343 (1965), which have been adopted in Pennsylvania.

A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise. *Rossino v. Kovacs,* 553 Pa. 168, 718 A.2d 755 (1998). In Pennsylvania, a trespasser may recover for injuries sustained on land only if the possessor of land was guilty of wanton or willful negligence or misconduct. *Id.* at 172,

718 A.2d at 757, citing *Engel v. Parkway Company,* 439 Pa. 559, 266 A.2d 685 (1970). A licensee, on the other hand, is a person who is privileged to enter or remain on land only by virtue of the possessor's consent. *Id.,* citing Restatement (Second) of Torts §330 (1965). Consent to enter or remain on another's land may be implied from conduct on the part of the possessor which justifies others in believing that they are permitted to enter or remain on the premises. *Wiegand by Wiegand v. Mars National Bank,* 308 Pa. Super. 218, 454 A.2d 99 (1982). A possessor of land is subject to liability to a person privileged to enter for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if the possessor knows or has reason to anticipate that the privileged person is or may be on the land and that he will be endangered by the state of the land. *Rossino,* 553 Pa. at 172, 718 A.2d at 757. However, such liability is not imposed if the person privileged to enter knows of a dangerous condition and realizes the risks presented. *Id.* An invitee can be defined as either business or public. A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land. *Updyke v. BP Oil Co.,* 717 A.2d 546 (Pa. Super. 1998). "A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." *Updyke,* 717 A.2d at 549. In order to attain the status of public invitee the individual must "enter the premises upon invitation *and* 'for a purpose for which the land is held open to the public.' " *Palange,* 433 Pa. Super. at 379, 640 A.2d at 1308, quoting Restatement (Second) of Torts §322(2). (emphasis in original)

Here, the parties agreed, at the time of oral argument, that Breen was not a trespasser when he entered the land occupied by the defendant in his official capacity and in response to a call to West End Fire Company for assistance. Therefore, Breen was either an invitee or a licensee.

Comment b to section 322 of the Restatement distinguishes between permission and invitation which is central to a determination of whether an entrant is an licensee or an invitee. "Permission is conduct which justifies others in believing that the possessor is willing that they shall enter if they so desire." *Updyke,* 717 A.2d at 549. "An invitation differs from mere permission in that it is conduct which justifies others in believing that the possessor desires them to enter the land." *Id.* "Although invitation does not in itself establish the status of an invitee, it is essential to it." *Id.* Mere permission, by contrast, is sufficient to establish the status of licensee.

The jurisdictions are split as to whether a firefighter or police officer is to be labeled an invitee or a licensee for tort liability purposes. In this Commonwealth, a firefighter or police officer that enters upon another's land in his official capacity and in response to a call for assistance is generally considered a licensee. *Holpp v. Fez Inc.,* 440 Pa. Super. 512, 656 A.2d 147 (1995).

In the present case, we find that the undisputed facts demonstrate as a matter of law that Breen was a licensee. Breen entered the premises in his official capacity as a firefighter with the West End Fire Company and in response to a call. He was performing his duties as a firefighter at the time of his injuries. Defendant knew of the existence of the excavation trench on the premises,

and, therefore, had a duty to exercise reasonable care to make the premises safe or to warn Breen of the risks presented. Thus, we hold that the issue of whether the defendant breached its duty is a question of fact to be resolved by a jury.

Finally, defendant asserts that Breen, as a matter of law, assumed the risk of injury, since he knew that the fire was located on a construction site at night and chose not to use a flashlight. In support of this assertion, defendant points us to the deposition testimony of the plaintiffs and Christopher Eckert, chief of the West End Fire Company. Breen testified that upon arriving at the fire scene he recognized that it was obviously a construction site. He also testified that it was dark, there was no light in the vicinity other than that provided by the headlights on vehicles of fire personnel and that the ground was uneven. Mrs. Breen testified that upon arriving at the fire scene she too recognized that the fire was located on a construction site. Unlike her husband, though, she chose to use a flashlight while walking around the property because it was dark and also because she had observed another firefighter slip off a plank covering a large open hole in front of the home. Additionally, Chief Eckert testified that he observed that the fire was located on a construction site. Moreover, Chief Eckert testified that fire personnel usually try to establish illumination upon arriving at a construction site at night to avoid tripping hazards and fall hazards and so people can see. Based on the testimony of the plaintiffs and Chief Eckert, defendant maintains that the risk of injury was assumed by Breen, and therefore, it is entitled to judgment as a matter of law. We disagree.

Our Superior Court has held that firefighters do not assume the risk of on-duty injuries as a matter of law. *Mull,* 373 Pa. Super. at 234, 540 A.2d at 954. A voluntary assumption of risk requires knowledge of the existence of a dangerous condition and appreciation of the risks presented by the condition. *Rossino,* 553 Pa. at 172, 718 A.2d at 757, citing Restatement (Second) of Torts §330 (1965). The question of whether a danger was known or obvious is generally a question for the jury unless reasonable minds could not differ as to the conclusion. *Howell v. Clyde,* 533 Pa. 151, 620 A.2d 1107 (1993).

In this case, we do not find as a matter of law that Breen, as a firefighter, assumed the risk of falling into an excavation trench while officially attending to a fire which was allegedly created by the negligence of the defendant. Defendant merely offered the oral testimony of the plaintiffs and Chief Eckert in support of its motion for summary judgment. As previously stated, in reviewing this motion, we are bound by the *Nanty-Glo* rule which provides that a court may not summarily enter a judgment where the evidence depends upon oral testimony alone. Therefore, we find that a question of fact exists as to whether Breen showed want of care under the facts of this case.

Accordingly, we enter the following order.

## ORDER

And now, January 15, 2002, based on the reasons set forth in the foregoing opinion, defendant Eagle Valley Homes Inc.'s motion for summary judgment is denied.