NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

Nos. 10-1643, 10-1644

_____

LEVONE BUTTS, individually and as Executrix
of the Estate of Glen Ray Butts, deceased,

v.

LLOYD WEISZ; GEORGIA WEISZ

Levone Butts,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-07-cv-01657)
District Judge: Honorable Joy Flowers Conti

_____

Argued December 15, 2010

Before: SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges.

(Filed: December 28, 2010)

_____

Dominik Rostocki   (Argued)
Eric G. Zajac
Zajac & Arias
Philadelphia, PA  19103

       Attorneys for Appellant

C. Leon Sherman   (Argued)
Goldberg, Kamin & Garvin
Pittsburgh, PA  15219

Attorney for Appellee

_____

OPINION

_____

SLOVITER, *Circuit Judge*.

Levone Butts appeals from the District Court's orders limiting the testimony of her expert witness and granting summary judgment in favor of Mr. and Mrs. Weisz.[1] We will affirm.

This suit results from a sad event occurring when Mr. and Mrs. Butts travelled to the home of their good friends, the Weiszes. During that visit, Mr. Butts died from blunt head trauma after falling down the basement stairwell in the home of Appellees Lloyd and Georgia Weisz. No one saw Butts fall. His widow, the executrix of his estate, filed suit against the Weiszes pursuant to Pennsylvania's Wrongful Death Act, the Survival Act, and under the common law theory of negligent infliction of emotional distress. Mrs. Butts retained an expert who filed a report and thereafter testified at his deposition opining that dim lighting conditions and a dangerous single step caused Mr. Butts to fall. The Weiszes moved to preclude consideration of that testimony, arguing that it was speculative and lacked a reasonable basis as required by Rule 702 of the Federal Rules of Evidence. The District Court agreed. It permitted the expert to opine "regarding a

_____

[1] The District Court had jurisdiction based on the diversity of parties pursuant to 28 U.S.C. § 1332. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

2

normal person's gait, . . . that a single step is dangerous, that a person walking might trip over a dangerous single step, and that such a trip could lead to a fall." App. at 386. On one of the issues before us, the Court precluded the expert's opinion as to causation.

Subsequently, the Weiszes filed a motion for summary judgment on the issue of causation, arguing that Mrs. Butts had failed to present any evidence that the lighting conditions or single step caused Mr. Butts to fall. The District Court agreed on this issue also, finding that Mr. Butts "could have fallen for reasons other than" the negligence of the defendants. App. at 630. The Court granted the motion of Mr. and Mrs. Weisz for summary judgment on causation and dismissed the case because that issue was dispositive. Mrs. Butts appeals.

We review an order limiting the testimony of an expert witness for an abuse of discretion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-39 (1997) (abuse of discretion for evidentiary rulings). We exercise plenary review over a district court's grant of summary judgment. *City of Erie v. Guar. Nat'l Ins. Co.*, 109 F.3d 156, 159 (3d Cir. 1997).

We find no abuse of discretion in the District Court's order limiting the testimony of the expert retained by Mrs. Butts. Rule 702 requires that expert testimony be based on "sufficient facts or data" and be "the product of reliable principles and methods." The word "reliable" connotes an evidentiary standard "lower than the merits of correctness." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994).

3

As the District Court recognized, the expert's testimony as to the cause of Mr. Butts' fall was speculative and unreliable because no one witnessed the fall. The existence of dim lighting conditions and the allegedly dangerous single step does not, in and of itself, reasonably suggest that the fall was caused by the negligence of Mr. and Mrs. Weisz. *See Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996) ("The possibility of the existence of an event does not tend to prove its probability."); *Hamil v. Bashline*, 392 A.2d 1280, 1288 n.9 (Pa. 1979) ("A mere possibility of . . . causation is not enough; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.") (quotations omitted). The District Court correctly limited the expert's testimony.

Nor do we find any error in the District Court's grant of summary judgment in favor of Mr. and Mrs. Weisz. To establish negligence in Pennsylvania, a plaintiff must demonstrate: (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, (3) the breach resulted in injury to the plaintiff, and (4) the plaintiff suffered damage. *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

There was no genuine issue of material fact as to causation because Mrs. Butts failed to present any evidence of the cause of Mr. Butts' fall other than the precluded testimony of her expert. *See Cuthbert v. City of Philadelphia*, 209 A.2d 261, 263-64 (Pa.

4

1965) ("it is not necessary that plaintiff prove with mathematical exactness that the accident could only have been caused in one manner to the exclusion of all other possibilities, but he must eliminate those other causes, if any, as were fairly suggested by the evidence") (citations omitted). The inference that Mr. Butts fell because there were dim lighting conditions and an allegedly dangerous single step was not an appropriate inference that the jury could draw or should have been given the opportunity to draw. *Cf. Fedorczyk*, 82 F.3d at 75-76. And even if it were an appropriate inference, Mrs. Butts failed to establish that Mr. and Mrs. Weisz breached a duty they owed to Mr. Butts regarding the single step. They did not breach any duty because Mr. Butts had successfully navigated that step numerous times in the hours preceding his fall. *Rossino v. Kovacs*, 718 A.2d 755, 757 (Pa. 1998) (liability attaches if possessor of land "should expect that [the licensees] will not discover or realize the danger" and "the licensees do not know or have reason to know of the condition and the risk involved") (citing Restatement (Second) of Torts § 342). The District Court did not err in granting summary judgment in favor of Mr. and Mrs. Weisz.

Accordingly, we will affirm the judgment of the District Court.

5