## Juszczyszyn v. Taiwo

48

*Brian A. Wall, Jr.*, for plaintiff.
*Philip D. Priore*, for defendants.

MASSIAH-JACKSON, *J.*, June 19, 2014—

Court Exhibit "A"

In the early morning hours of April 20, 2012, Police Officer Christopher Juszczyszyn joined fellow officers to quell an unruly disturbance at Lid's Lounge, located on Woodland Avenue in Philadelphia. Complaint, paragraphs

4, 8. A patron at the lounge, "was molesting/groping female customers, drinking other customers' drinks and involved in physical confrontation with other patrons." Complaint, paragraph 20.

Officer Juszczyszyn asserts he suffered injuries as a result of the police intervention and altercation. Complaint, paragraph 2. He initiated this civil action against the owners of the lounge. Plaintiff-Juszczyszyn asserts Counts of Negligence and Dram Shop Liability. This plaintiff "at all times relevant was acting within the course and scope of his employment as a Philadelphia Police Officer." Complaint, paragraph 1.

After consideration of the facts and the applicable law, the preliminary objections filed by Obafemi Simeon Taiwo and CST Entertainment, Inc., the owners of Lid's Lounge, are sustained and plaintiffs complaint is dismissed with prejudice.

A. Count I — NEGLIGENCE

Pennsylvania accepts a middle ground when considering whether owners and possessors of land may be liable for injuries sustained by police officers due to risks inherent in police work. This is not a circumstance involving a premises defect with injuries resulting from the negligence of a possessor of land.

The "Fireman's Rule" has not been adopted in Pennsylvania. *Mull v. Kersletter*, 540 A.2d 951 (Pa. Superior Ct. 1988). That rule is a public policy principle which bars policemen injured in the course of their employment duties from seeking tort damages from third parties. Their recovery is remedied by workers' compensation or other collateral sources.

Pennsylvania has not adopted Restatement of Torts (Second) §345, Persons Entering in the exercise of

privilege. *See, Rossino v. Kovacs*, 718 A.2d 755 (Pa. 1998), commenting that to do so, then "every possessor of land in the Commonwealth, no matter how remote the location, would face civil liability every time police or firemen entered his land ....".

In Pennsylvania, a police officer who enters a property in his official capacity and in response to a call for assistance is considered a licensee. *See, e.g. Rossino v. Kovacs, supra*, 718 A.2d at 757. Restatement of Torts (Second) §342 states:

"§342. Dangerous Conditions Known to Possessor

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved."

Liability does not attach, however, when the licensee knows and appreciates the risks and dangers involved. Comment a of the Restatement (Second) of Torts, §342 provides:

The words "the risk" denote not only the existence of a risk, but also its extent. Thus 'knowledge' of the risk involved in a particular condition implies not only that

the condition is recognized as dangerous, but also that the chance of harm and the gravity of the threatened harm are appreciated.

In *Holpp v. Fez*, 656 A.2d 147 (Pa. Superior Ct. 1995), summary judgment was affirmed when a Police Officer who was acting in his official capacity, went into a bar to quell a disturbance. He "was aware of the potential .for violence among patrons who had been consuming alcoholic beverages, and was conscious of the attendant risks." 656 A.2d at 149.

The *Holpp* Court provided an overview of the duty of care to the licensee, at 656 A.2d 149:

"A police officer who enters upon another's land in his or her official capacity and in response to a call for assistance is generally considered a licensee. *See: Mull v. Kerstetter, supra,* 373 Pa. Super. at 233 n. 3, 540 A.2d at 953 n. 3. In such situations, the land owner's duty is to warn the licensee of dangerous hidden conditions. *Mull v. Kerstetter, supra,* 373 Pa. Super. at 233-234, 540 A.2d at 953; *Carpenter v. Penn Central Transportation Co.,* 269 Pa. Super. 9, 13, 409 A.2d 37, 39 (1979); *Cutler v. Dushoff,* 192 Pa. Super. 37, 42, 159 A.2d 524, 526 (1960). Even if a police officer enters another's land as an invitee, moreover, the possessor of the land does not become an insurer of the officer's safety. Cf. *Winkler v. Seven Springs Farm, Inc.,* 240 Pa. Super. 641, 646, 359 A.2d 440, 442 (1976). The possessor's duty is only to use reasonable care to protect his or her invitees from unknown or nonobvious dangers. *Id.* at 645-646, 359 A.2d at 442."

In this litigation, officer Juszczyszyn knew he was going to join other officers at a bar where a disturbance was ongoing. He knew and recognized the chance of confrontation and altercation and propensity for violence

with patrons who were intoxicated. Paragraph 20 of plaintiff's complaint articulates the risks known to plaintiff before he walked into Lid's Lounge:

"20. On or about April 20, 2012, plaintiff entered Lid's Lounge in Philadelphia, Pennsylvania, after an unidentified man "flagged down" a fellow officer to report a disturbance involving an alleged patron of Lid's Lounge following an extended period during which the alleged patron, Robert Karpeh, upon information and belief, was molesting/groping female customers, drinking other customer's drinks and involved in physical confrontation with other patrons."

Comment 1 of the Restatement (Second) of Torts, §342 states:

"*I. Dangers known to licensee.* The licensee, who enters land with no more than bare permission, is entitled to nothing more than knowledge of the conditions and dangers which he will encounter if he comes. If he is warned of the actual conditions, and the dangers involved, or if he discovers them for himself without such warning, and fully understands and appreciates the risk, he is in a position to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining. Therefore, even though a dangerous condition is concealed and not obvious, and the possessor has given the licensee no warning, if the licensee is in fact fully aware of the condition and the risk, there is no liability to him."

Preliminary objections to count I of plaintiff's complaint are sustained with prejudice.

## B. Count II — DRAM SHOP LIABILITY

In *Holpp v. Fez, Inc., supra,* the Superior Court held

that civil liability does not attach to owners of a bar from the mere breach of a statutory duty to refrain from serving alcohol to visibly intoxicated persons. *See,* complaint, paragraph 32. Plaintiff-Juszczyszyn must also show that the statutory breach was the proximate cause and the cause in fact of the injury. 656 A.2d at 149-150. In this complaint the plaintiff did not plead either a statute or plead a requisite causal connection. Defendants' preliminary objections to count II of the plaintiffs complaint are sustained with prejudice.

## ORDER

And now, this 19th day of June, 2014, after consideration of the preliminary objections of defendants, Obafemi Simeon Taiwo and CST Entertainment, Inc., and responses thereto, it is hereby ordered that defendants' preliminary objections are sustained, and, for the reasons set forth in court exhibit "A" attached hereto, plaintiff's complaint is dismissed with prejudice.