J-S32029-16

2016 PA Super 146

| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY A/S/O RONALD STRUNK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MODERN GAS | |
| Appellee | No. 2953 EDA 2015 |

Appeal from the Order August 19, 2015
In the Court of Common Pleas of Monroe County
Civil Division at No(s): No. 5667-CV-2011

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

OPINION BY MUNDY, J.:                                    **FILED JULY 08, 2016**

Appellant, Nationwide Mutual Fire Insurance Company a/s/o Ronald Strunk (Nationwide), appeals from the August 19, 2015 order granting summary judgment against it on its breach of contract and negligence claims.  After careful review, we reverse.

The facts and procedural history of this case are as follows. Nationwide provided a fire and commercial general liability insurance policy to Strunk.  Nationwide's Complaint, 7/29/11, at ¶ 2.  The policy insured Strunk's commercial real estate building.  **Id.** at ¶ 4.  Strunk leased the first floor of the building to Mike Coppola, who operated his restaurant, Coppola's

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pizzeria, in the space. *Id.* The pizzeria contained two pizza ovens, which ran on liquid propane.

On August 31, 2009, Modern Gas serviced the pizza ovens because the oven did not turn on when the pilot was lit. *Id.* at ¶ 5. An invoice from that date indicates that Modern Gas cleaned the pilot and adjusted the thermocouple. Nationwide's Memorandum of Law in Opposition to Modern Gas's Motion for Summary Judgment, 8/14/15, at Exhibit D. The next day, Modern Gas returned because a "fire ball came out of oven." *Id.* Modern Gas "vacuume [sic] oven and clean burners." *Id.* The invoice indicated "[t]here was a leak @ ¾ union. I fixe [sic] it." *Id.*

On September 28, 2009, a fire started in the pizzeria, caused by a malfunction of the gas pizza ovens. Nationwide's Complaint, 7/29/11, at ¶ 6. The fire caused damages in the amount of $158,811.03. *Id.* at ¶ 8. Pursuant to the insurance policy, Nationwide covered the loss and paid those damages to Strunk. *Id.* at ¶ 9.

On July 29, 2011, Nationwide brought this subrogation action against Modern Gas, seeking to recover the $158,811.03 that it paid to Strunk. *Id.* at ¶ 9. Nationwide's complaint contained two counts, one for breach of contract, and one for negligence. Relevant to this appeal, the complaint averred that Modern Gas was negligent in various ways, including failing to inspect the oven, improperly repairing the oven, and failing to perform a leak test after it completed the repairs. *Id.* at ¶ 16.

Nationwide retained an expert, Michael Zazula, an engineering consultant at IEI Consulting, Inc. In October and December of 2009, and March and April of 2015, Zazula examined the pizza ovens and their components four times to determine the cause of the fire. In his April 22, 2015 report, prepared following his inspections, Zazula explained that, in December 2009, he examined the oven and "determined the pilot valve for the top oven was open, allowing [gas to] flow through the pilot, regardless of whether or not there was a flame present on the thermocouple." Zazula Report, 4/22/15, at 4.[1] Zazula further noted that "[t]his condition would reveal itself as a leak within the oven, near the pilot, when a leak test was conducted." *Id.* On April 16, 2015, Zazula conducted radiograph testing to determine the cause of the leak in the pilot valve. *Id.* at 5. "The radiographs clearly revealed the valve was disassembled and a screw was inserted into the pilot valve to forcibly keep the valve open to allow gas flow." *Id.* Zazula concluded, "to a reasonable degree of engineering and scientific certainty," that "Modern [Gas]'s failure to properly conduct a leak test, consistent with the [National Fire Protection Association (NFPA)] 54

_____

[1] We note that the expert report does not contain pagination. For ease of review, we have assigned each page a corresponding page number.

standard,[2] is the primary cause of the incident[.]" *Id.* at 6. Further, Zazula opined that "[h]ad Modern [Gas] complied and followed the NFPA 54 standard they would have detected the leak from the pilot valve and would have averted this incident." *Id.* at 6.

On July 16, 2015, Modern Gas filed a motion for summary judgment. On August 14, 2015, Nationwide filed its response. On August 19, 2015, the trial court entered an order, accompanied by a memorandum opinion, granting Modern Gas's motion for summary judgment on both the breach of contract count and the negligence count. On September 16, 2015, Nationwide filed a timely notice of appeal.[3]

On appeal, Nationwide presents the following issue for our review.

> 1. Did the [t]rial [c]ourt err as a matter of law or abuse its discretion in granting summary judgment and finding that Nationwide Mutual Fire Insurance could not prove its negligence claim?

Nationwide's Brief at 3.[4]

_____

[2] NFPA 54, section 8.1.5.3 states "[w]here leakage or other defects are located, the affected portion of the piping system shall be repaired or replaced and retested." Zazula Report, 4/22/15, at 2.

[3] Nationwide and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. Specifically, the trial court's Rule 1925(a) statement refers us to its August 19, 2015 memorandum.

[4] Nationwide does not argue that the trial court erred in granting summary judgment on its breach of contract claim.

The following standard and scope of review applies to our consideration of this issue.

> As has been oft declared by [our Supreme] Court, "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1221 (Pa. 2002); Pa. R.C.P. No. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 195 (Pa. 2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." *Id.* On appellate review, then,
>
>> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.
>
> *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902-03 (Pa. 2007) (internal citations omitted). To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. *Id.* at 903.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (parallel citations omitted).

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***Babb v. Ctr. Cmty. Hosp.***, 47 A.3d 1214, 1223 (Pa. Super. 2012) (citations omitted), *appeal denied*, 65 A.3d 412 (Pa. 2013), *quoting* ***Reeser v. NGK N. Am., Inc.,*** 14 A.3d 896, 898 (Pa. Super. 2011) (citations omitted).

In order to hold a defendant liable for negligence, the plaintiff must prove the following four elements: (1) a legally recognized duty that the defendant conform to a standard of care; (2) the defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff. ***Ramalingam v. Keller Williams Realty Group***, 121 A.3d 1034, 1042 (Pa. Super. 2015).

The issue in this case is whether Nationwide presented sufficient evidence to allow the fact-finder to conclude that Modern Gas's negligence was the proximate cause of the fire. This Court has explained the principles guiding our review of a trial court's decision to grant summary judgment on proximate cause as follows.

> It is the function of the court to determine the questions of causation in cases in which a jury could not reasonably differ. RESTATEMENT (SECOND) OF TORTS § 434(1)(c). As Dean Prosser explains:

> If the facts bearing upon the issue of causation in fact are not in dispute and reasonable persons could not differ about the application of the legal concept of causation in fact, the court determines that issue. But if reasonable persons might differ, either because relevant facts are in dispute or because application of a legal concept (such as a "substantial factor" formulation) is an evaluative determination as to which reasonable persons might differ, the issue is submitted to the jury with appropriate instructions on the law ….

> Prosser, The Law of Torts § 45 (5th ed. 1984).

> The focus of our inquiry is therefore whether the court was correct in finding as a matter of law that legal causation was not present. Where relevant facts are not in dispute and the remoteness of the causal connection between the negligence of the original actor and the injury is so clear, the issue becomes one of law. *Clevenstein v. Rizzuto*, 266 A.2d 623 (Pa. 1970). Summary judgment is proper where facts are undisputed and only one conclusion may reasonably be drawn from them. *Gans v. Mundy*, 762 F.2d 338 (3d Cir. 1985) and *Colloi v. Philadelphia Electric Co.*, 481 A.2d 616 (Pa. Super. 1984).

*Askew By Askew v. Zeller*, 521 A.2d 459, 463 (Pa. Super. 1987) (parallel citations omitted); *accord Summers*, *supra* at 1164 (collecting cases holding proximate cause is a jury question when reasonable minds may differ).

Nationwide contends that the trial court disregarded its expert's report concluding that the report of the fireball that precipitated the September 1, 2009 service call was consistent with the presence of a screw holding the pilot valve in the oven open. Nationwide's Brief at 17. Further, Nationwide's

expert concluded that the explosion was caused, in part, by Modern Gas's negligence in not performing a leak test after servicing the oven on September 1, 2009 repairs. *Id.* at 18.

Here, the trial court granted summary judgment in favor of Modern Gas because it reasoned that Nationwide did not establish that Modern Gas's failure to conduct a leak test was the proximate cause of the explosion and fire. Trial Court Opinion, 8/19/15, at 4. The trial court found "[t]here was no evidence presented upon which a jury could find that the screw was in the valve when the September 1 servicing was completed[]" because the fire did not occur until September 28. *Id.* Instead, the trial court posited that "[i]f the valve was tampered with after the service call, Modern Gas's failure to perform the gas line test discussed by [Nationwide]'s expert would not have mattered." *Id.* at 4-5.

In reaching its conclusion, the trial court refused to defer to the expert report of Zazula, presented by the non-moving party.

> It has long been Pennsylvania law that, while conclusions recorded by experts may be disputed, the credibility and weight attributed to those conclusions are not proper considerations at summary judgment; rather, such determinations reside in the sole province of the trier of fact, here, a jury. *Miller v. Brass Rail Tavern, Inc.*, 664 A.2d 525, 528 (Pa. 1995); *In re Estate of Hunter*, 205 A.2d 97, 102 (Pa. 1964) ("The credibility of witnesses, professional or lay, and the weight to be given to their testimony is strictly within the proper province of the trier of fact."). Accordingly, trial judges are required "to pay deference to the conclusions of those who are in the best position to

evaluate the merits of scientific theory and technique when ruling on the admissibility of scientific proof." **Grady v. Frito–Lay, Inc.**, 839 A.2d 1038, 1045 (Pa. 2003) (citing **Frye v. United States**, 293 F. 1013 (D.C. Cir. 1923)).

At the summary judgment stage, a trial court is required to take all facts of record, and all reasonable inferences therefrom, in a light most favorable to the non-moving party. **Toy**, [**supra**]. This clearly includes all expert testimony and reports submitted by the non-moving party or provided during discovery; and, so long as the conclusions contained within those reports are sufficiently supported, the trial judge cannot *sua sponte* assail them in an order and opinion granting summary judgment. Contrarily, the trial judge must defer to those conclusions, **see Grady**; **Frye**, and should those conclusions be disputed, resolution of that dispute must be left to the trier of fact. **Miller**, [**supra**].

**Summers**, **supra** at 1161 (parallel citations omitted).

Here, the trial court erred in assessing the credibility of the expert report and concluding it carried no weight. The trial court found that a reasonable jury could not conclude the screw was present in the pilot valve at the time of Modern Gas's service call on September 1, 2009 because of the time that elapsed between that date and the September 28, 2009 explosion. Trial Court Opinion, 8/19/15, at 5. The trial court reasoned that the remoteness in time negated the possibility that the screw was in the pilot valve the entire time. **Id.** The trial court improperly usurped the role of the jury by evaluating the evidence to decide the motion for summary judgment. **See Summers**, **supra**; **Askew**, **supra**.

Viewed in the light most favorable to Nationwide, the non-moving party, Zazula's expert report would permit a reasonable jury to conclude that the screw was present on September 1, 2009, and Modern Gas's negligence was the proximate cause of the fire. In his report, Zazula detailed how he discovered the screw that was holding the pilot valve open, allowing gas to freely flow out. Zazula Report, 4/22/15, at 4-5. He explained that was consistent with the fireball that Coppola reported on September 1. *Id.* at 5. Zazula plainly stated that "[h]ad a leak test been properly conducted by Modern during their September 1, 2009 service call when they discovered a leak in the top oven, they would have determined this leak as well." *Id.* Further, the report concludes that "Modern's failure to properly conduct a leak test … is the primary cause of the incident." *Id.* at 6. Zazula's report concludes that the screw was in the pilot valve on September 1 and the open pilot valve caused the September 28 explosion. Accordingly, there is evidence in the record that would allow a jury to render a verdict in favor of Nationwide, and the trial court erred in concluding that the jury could not find proximate causation as a matter of law. *See Summers*, *supra*; *Babb*, *supra*.

For these reasons, we conclude that the trial court erred in granting summary judgment. Consequently, we reverse the August 19, 2015 order granting summary judgment and remand for further proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016